Lora Grevious, Esq. (CA SBN 282874)
TOEPPEN & GREVIOUS
910 Florin Road, Ste. 110
Sacramento, CA 95831
Telephone: (916) 400-4516
Facsimile: (925) 407-2744

Attorney for Plaintiff
MACKENZIE WILSON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mackenzie Wilson,<br><br>    Plaintiff,<br><br>vs.<br><br>Hy Cite Enterprises, LLC; Terrence P. Tormey, individually and DBA Terrence P. Tormey, Attorney at Law<br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES** |

## GENERAL ALLEGATIONS

1.  Mackenzie Wilson ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of Hy Cite Enterprises, LLC (Hy Cite) and Terrance P. Tormey, individually and DBA Terrence P. Tormey, Attorney at Law (TPT) (collectively "Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations of Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civil Code* §§ 1788-1788.33 ("Rosenthal Act").

9. Plaintiff is a natural person who resides in the City of Sacramento, County of Sacramento, State of California.

10. Plaintiff resides in Sacramento County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of Sacramento, County of Sacramento, State of California.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in Sacramento County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

14. Plaintiff is a natural person who resides in the City of Sacramento, State of California.

15. Hy Cite is located in the City of Madison, State of Wisconsin.

16. TPT is located in the City of Brick, State of New Jersey.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as the term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are a persons who uses the instrumentalities of interstate commerce or the United States Postal Service in the business of collecting debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due asserted to be owed or due another and therefore are debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore is a debtor as that term is defined by *California Civil Code* § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by *California Civil Code* §

1788.2(b), and are therefore debt collectors as that term is defined by *California Civil Code* § 1788.2(c).

21. This case involves money, property or the equivalent, due or owing or alleged to be due and owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by *California Civil Code* § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before April 1, 2017, Plaintiff is alleged to have incurred certain financial obligations.

23. These financial obligations were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by *California Civil Code* § 1788.2(f).

25. Sometime thereafter, but before April 1, 2017, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before April 1, 2017, the alleged debt was assigned, placed, or otherwise transferred to Defendants for collection.

27. On or around April 7, 2017, Hy Cite called Plaintiff and demanded payment for the alleged debt.

28. This communication was a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and an "initial communication" consistent with 15 U.S.C. § 1968g(a).

29. This communication was a debt collection as *California Civil Code* § 1788.2(b) defines that phrase.

30. During this communication Hy Cite failed to disclose in this initial communication with the consumer that Hy Cite was attempting to collect a debt and that any information obtained would be used for that purpose in violation of 15 U.S.C. § 1692e(11).

31. On or around the following dates Hy Cite failed to disclose that Hy Cite was attempting to collect a debt and that any information would be used for that purpose in subsequent communications, or failed to disclose that the communication was from a debt collector: 4/7/17, 5/26/17, 5/30/17, 5/31/17, 6/5/17, 6/7/17, 6/8/17 (x2), 6/12/17, 6/14/17, 6/28/17, 7/24/17, 7/26/17, 7/27/17, 7/31/17, 8/1/17 (x2), 8/2/17 (x2), 8/3/17, 8/7/17, 8/8/17, 8/9/17, 8/11/17, 8/14/17, 8/15/17, 8/16/17, 8/17/17 (x3).

32. On or around August 17, 2017 TPT called Plaintiff and demanded payment for the alleged debt.

33. This communication was a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and an "initial communication" consistent with 15 U.S.C. § 1968g(a).

34. This communication was a debt collection as *California Civil Code* § 1788.2(b) defines that phrase.

35. During this initial communication TPT failed to disclose to Plaintiff that TPT was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

36. On or around July 31, 2017, Hy Cite contacted a third party about the alleged debt and failed to identify itself as a debt collector in violation of 15 U.S.C. 1692b(1).

37. On the following dates, Hy Cite misrepresented that it was a law firm in communications with Plaintiff in violation of 15 U.S.C. 1692e(3) and *California Civil Code* § 1788.13(b): 7/26/17, 7/31/17, 8/1/17, 8/3/17, 8/7/17, 8/9/17, 8/11/17, 8/15/17, 8/16/17, 8/17/17.

38. On the following dates, Hy Cite threatened Plaintiff that Hy Cite would garnish Plaintiff's wages or attach her property when such an action would not be permitted by law in violation of 15 U.S.C. §§ 1692e subsections (4), (10) and (13) and *California Civil Code* § 1788.10(e): 7/24/17, 7/31/17, 8/1/17, 8/2/17, 8/3/17, 8/4/17, 8/7/17, 8/8/17, 8/9/17, 8/11/17, and 8/15/17.

39. On the following dates, Hy Cite threatened to take legal action against Plaintiff with no intention to actually take legal action against Plaintiff in violation of 15 U.S.C. § 1692d(5) and *California Civil Code* § 1788.13(j): 7/24/17, 8/1/17, 8/14/17, 8/17/17.

40. On the following dates, Hy Cite communicated with Plaintiff on her cell phone via text messages and phone calls, knowingly causing her to incur costs for the communications, in violation of 15 U.S.C. § 1692f(5) and *California Civil Code* § 1788.11(c): 4/7/17, 4/11/17, 4/12/17, 4/13/17, 4/15/17, 4/26/17, 5/22/17, 5/26/17, 5/30/17, 5/31/17, 6/5/17, 6/6/17, 6/7/17, 6/8/17 (x2), 6/10/17, 6/12/17, 6/13/17 (x2), 6/14/17 (x2), 6/15/17, 6/28/17, 7/5/17, 7/6/17, 7/7/17, 7/8/17, 7/11/17 (x2), 7/12/17, 7/13/17, 7/14/17, 7/15/17, 7/16/17, 7/17/17, 7/19/17, 7/20/17, 7/21/17, 7/22/17, 7/24/17 (x3), 7/26/17 (x2), 7/27/17 (x2), 7/28/17 (x2), 7/29/17, 7/31/17, 8/1/17 (x2),

8/2/17 (x2), 8/3/17, 8/4/17, 8/5/17, 8/7/17 (x2), 8/8/17 (x2), 8/9/17 (x2), 8/10/17, 8/11/17 (x2), 8/12/17, 8/14/17 (x2), 8/15/17, 8/16/17, 8/17/17 (x3).

41. On or around August 17, 2017, Defendants communicated with Plaintiff, informing her that the "case had been litigated" and therefore misrepresenting the legal status of the account, in violation of 15 U.S.C. § 1692e(2)(A) and *California Civil Code* § 1788.13(j).

42. Hy Cite repeatedly communicated with Plaintiff by phone calls, emails, text messages at least 75 times in a 80 day period, in violation of 15 U.S.C. §§ 1692d and 1692d(5) and *California Civil Code* § 1788.11(e).

43. TPT communicated with Plaintiff directly after being notified that Plaintiff was represented by an attorney in violation of 15 U.S.C. §§ 1692c(a)(2) and *California Civil Code* § 1788.14(c) on 8/18/17 (x2).

## CAUSES OF ACTION
## COUNT 1
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

44. Plaintiff alleges and incorporates by reference the facts contained in all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including and not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et. seq.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C § 1692k(a)(1) from Defendants, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C § 1692k(a)(2)(A) from Defendants,

and to reasonable attorney's fees pursuant to 15 U.S.C § 1692k(a)(3) from Defendants.

## COUNT 2
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT) CAL. CIV. CODE §§ 1788-1788.33

47. Plaintiffs allege and incorporate by reference all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above cited provisions of the Rosenthal Act, *Cal. Civ. Code* §§ 1788-1788.33.

49. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to *Cal. Civ. Code* § 1788.30(a); statutory damages of $1,000.00 pursuant to *Cal. Civ. Code* § 1788.30(b); and reasonable attorney's fees and costs pursuant to *Cal. Civ. Code* § 1788.30(c) from Defendants.

## COUNT 3
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiffs alleges and incorporates by reference all other paragraphs.

51. The conduct of Defendants against Plaintiff was outrageous and beyond all bounds of decency tolerated by society.

52. Defendants threatened Plaintiff and harassed Plaintiff with the intent of causing Plaintiff emotional distress in order to intimidate Plaintiff into paying the alleged debt.

53. Defendants acted intentionally against Plaintiff knowing that the acts would result in Plaintiff experiencing illness through mental distress.

54. In fact, Defendants were aware that being threatened with legal action, garnishment, and property seizure would cause Plaintiff severe emotional stress because Plaintiff

did not have enough money to satisfy Defendants, as Defendants were made aware by Plaintiff.

55. Defendants engaged in these actions and intimidations intending to cause Plaintiff emotional harm and mental anguish.

56. Since the incidents with Defendants, Plaintiff has suffered severe emotional stress as follows:

   A. Plaintiff is constantly afraid whenever her phone rings or she receives an email or text message that it is Defendants contacting to intimidate or harass her.

   B. Plaintiff suffers from anxiety that keeps her awake at night and interrupts her daily activities.

   C. Plaintiff has suffered from anxiety attacks as a result of the stress caused by Defendants through their conduct.

57. As a direct result of Defendants' conduct, Plaintiff has suffered damages and harm.

## COUNT 4
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiffs allege and incorporate by reference all other paragraphs.

59. In the alternative to Cause of Action #4, Plaintiff alleges that Defendants are liable for negligent infliction of emotional distress upon Plaintiff.

60. Defendants knew or should have known that their acts and omissions would cause Plaintiff emotional distress.

61. Defendants had a duty not to engage in conduct that would cause such harm to another person.

COMPLAINT FOR DAMGES

62. Defendants breached this duty as described in the foregoing paragraphs and engaged in conduct that was likely to result in emotional harm to Plaintiff.

63. Plaintiff in fact suffered emotional harm as described in paragraph 57, including nervousness, anxiety, humiliation, and anger.

64. The direct cause of Plaintiff's emotional suffering is Defendants' conduct towards Plaintiff.

## PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

   a. Actual damages in an amount according to proof at trial;
   b. General damages,
   c. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   d. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
   e. An award of statutory damages of $1,000.00 pursuant to *Cal. Civ. Code* § 1788.30(b);
   f. An award of reasonable attorney's fees and costs pursuant to *Cal. Civ. Code* § 1788.30(c);
   g. Punitive damages;
   h. Any and all other relief as the court deems just and proper.

Respectfully submitted,

Dated: 1/9/2018

Lora Grevious, Esq.
Attorney for Plaintiff